J-S28020-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD ALLEN BRISKA | : | No. 600 MDA 2022 |

Appeal from the Judgment of Sentence Entered March 17, 2022
In the Court of Common Pleas of Adams County Criminal Division at
No(s):  CP-01-CR-0001363-2021

BEFORE:  BOWES, J., OLSON, J., and KING, J.

JUDGMENT ORDER BY OLSON, J.:          **FILED SEPTEMBER 08, 2025**

The Commonwealth appeals from the judgment of sentence imposed following the guilty plea of Appellee, Richard Allen Briska, to driving under the influence ("DUI") – controlled substance.[1]  We affirm.

This Court previously set forth the facts and procedural history of this case as follows.

> On June 18, 2021, Appellee was arrested following a traffic stop, and he was subsequently charged with various DUI and summary motor vehicle offenses.  The DUI offenses were charged as second offenses and graded as first-degree misdemeanors based upon Appellee's resolution of a prior DUI charge through the accelerated rehabilitative disposition ("ARD") process.  On March 17, 2022, Appellee entered an open guilty plea to one count of DUI— controlled substance with the issue of whether it was a first or second offense left to be resolved by the trial court.

---

[1] 75 Pa.C.S.A. § 3802(d)(1)(i).

\*\*\*

> At the March 17, 2022 hearing, the trial court ruled that Appellee should be sentenced as a first-time DUI offender and amended the offense to an ungraded misdemeanor. The court then sentenced Appellee to serve six months' probation, including [10] days of house arrest, and pay a fine of $1,000.[00. The Commonwealth appealed].

*Commonwealth v. Briska*, 2023 WL 3303443, \*1 (Pa. Super. 2023) (non-precedential decision) (internal citations omitted), *order vacated*, 2025 WL 1739325 (Pa. June 24, 2025).

On appeal, the Commonwealth argued that the trial court erred in sentencing Appellee as a first-time DUI offender. Ultimately, this Court agreed. *See id.* Appellee, therefore, filed a petition for allowance of appeal, seeking review in our Supreme Court. On June 24, 2025, our Supreme Court vacated our prior disposition in this matter and remanded this case back to us for reconsideration in light of *Commonwealth v. Shifflett*, 335 A.3d 1158 (Pa. 2025). In *Shifflett*, the Supreme Court held "that 75 Pa.C.S.A. § 3806(a) [was] facially unconstitutional to the extent it allows a previous acceptance of [ARD] to be used as the basis for an enhanced sentence under [75 Pa.C.S.A. § 3804.]" *Shifflett*, 335 A.3d at 1178. We therefore conclude that, contrary to the Commonwealth's claim, the trial court did not err in sentencing Appellee as a first-time DUI offender. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/08/2025